## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**RICHARD LEE PRATT,**

   **Plaintiff,**

**v.**                **Case No: 5:16-cv-110-Oc-10PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

   **Defendant.**

---

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").   Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

### I. BACKGROUND

Plaintiff filed an application for DIB and SSI benefits, alleging disability beginning August 9, 2012.   (Tr. 46).   The claims were denied initially, and upon reconsideration.   (Tr. 89–99, 113–25, 126–38, 139–40).   At Plaintiff's request, a hearing was held before Administrative Law Judge Joseph A. Rose (the "ALJ"), who then issued a notice of unfavorable decision finding Plaintiff not disabled.   (Tr. 46–55, 64–88).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.   (Tr. 48).   At step two, the ALJ determined that Plaintiff had the following severe impairment: lumbar disorder.   (Tr. 48–50).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (Tr. 50).   Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") "to perform light work as defined in 20 C.F.R. §§ 416.967(b), 416.967(b). There can be no climbing of ladders, ropes, or scaffolds, and only occasional stooping and crawling. He must avoid concentrated exposure to excess vibration and unprotected heights." (Tr. 50–53).

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work.   (Tr. 53).   In the alternative, at step five the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform—the light-work occupations of ticket taker and ticket seller.   (Tr. 53–55).   Thus the ALJ found that Plaintiff was not disabled from August 9, 2012, through the date of the decision.   (Tr. 55).

Then, the Appeals Council denied Plaintiff's Request for Review, making the hearing decision the final decision of the Commissioner.   (Tr. 36–39).   With his administrative remedies exhausted, Plaintiff filed the instant appeal.   (Doc. 1).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which

can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401; *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   This is clearly a deferential standard.

## III.   DISCUSSION

Plaintiff raises a single argument on appeal: whether the ALJ fully and fairly developed the record.   (Pl.'s Br. at 9–12).   For the following reasons, I submit that the ALJ did.

It is well-settled that the ALJ has a basic obligation to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).   This basic obligation only rises to the level of a special duty when a claimant is unrepresented and unfamiliar with hearing procedures.[2] *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).   And the duty only extends to the record for the twelve months preceding the filing of an application for benefits.   *Ellison*, 355 F.3d at 1276.

The ALJ's duty to develop the record, however, does not relieve a plaintiff's burden of proving a disability, and thus a plaintiff must still produce evidence in support of his or her claim. *Id*.   Moreover, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record."   *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).   The court should be guided by whether the record shows evidentiary gaps which result in unfairness or clear prejudice.   *Id.*   At the very least, this "requires a showing that the ALJ did not have all of the relevant evidence before him [or her] in the record . . . , or that the ALJ did not consider all of the evidence in the record in reaching his [or her] decision."   *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

At issue here are records relied upon by two state-agency consultants.   Consulting psychologists Val Bee, Psy.D., and Mercedes DeCubas, Ph.D, both relied upon consultative examination records to support their findings that Plaintiff does not suffer from severe mental

---

[2] As Plaintiff was represented at the hearing, the ALJ's duty to develop a full and fair record did not rise to the level of a heightened duty.   (Tr. 64–88).

impairments or limitations.   (Tr. 90–95, 100–06, 114–21, 127–34).   The ALJ, in finding that Plaintiff is not disabled, accorded the opinions of physicians Val Bee and DeCubas great weight. (Tr. 53).

Plaintiff asserts here that the ALJ's failure to include in the evidence two of the consultative examination records relied upon by the physicians constitutes reversible error.[3]   Plaintiff elaborates that the ALJ deprived him of due process by failing to include those records in the evidence because physicians Val Bee and DeCubas relied on the records and then the ALJ relied upon their opinions.   (Pl.'s Br. at 9, 11, 12).   I disagree.

At the most basic level Plaintiff fails to state how having the records at issue would change the result of this case.   Plaintiff does not even take issue with the opinions of physicians Val Bee and DeCubas or dispute their factual summaries of the missing records.   He also does not take issue with the weight the ALJ accorded the opinions.   Accordingly, any such arguments have been abandoned.   *See e.g., Sanchez v. Comm'r of Soc. Sec.*, 507 Fed. App'x 855, 856 n.1 (11th Cir. 2013); *Access Now, Inc. v. Southwest Airlines Company*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

---

[3] The doctors summarized the two consultative examination records at issue as follows:

5/03 CE reflects physical chief complaints. He was working part time (20 hours) in fast food. Mildly depressed over pain and general situation on exam Thinking organized and situationally appropriate. He was taking Zoloft. Dx pain disorder with med and psych factors . . . .

5/5/11 CE shows GED education and various prw. He was working part time putting face plates on gas meters. He reported being dx'd and treated for bipolar in 2004, but no tx since. The clmt drove himself to the exam and presented as friendly and polite. Mood "described" as labile but affect appropriate on exam. Repeated five digits forward, three backward. Made errors on serial 3s.

(Tr. 94, 105, 120, 133).

Further, even without the consulting physicians' opinions, substantial evidence still supports the ALJ's decision that Plaintiff does not have a disabling mental health condition. The ALJ noted that not a single physician opined that Plaintiff has a disabling limitation. (Tr. 53). In other words, Plaintiff fails to present a medical opinion diagnosing him with a mental disorder, much less a medical opinion stating that he suffers from a disabling mental impairment. *See, e.g.*, *Heller v. Colvin*, No. 3:13-CV-1494-J-JRK, 2015 WL 78142, at *4 (M.D. Fla. Jan. 6, 2015) (noting that the plaintiff's "diagnosis alone says nothing about the functional impact of [her] schizoaffective disorder"). And Plaintiff quit working when he was laid off—not because of his alleged conditions. (Tr. 53, 291). Further, Plaintiff has not received prolonged treatment for any mental health conditions. (Tr. 53). The ALJ also noted that Plaintiff's activities of daily living are inconsistent with a disabling mental health condition—those activities include caring for animals, shopping, cooking, cleaning, driving, handling finances, using a computer, reading, attending church and car shows or craft shows, and helping neighbors. (Tr. 49, 53, 277–83, 300–06, 312–18). Notably, Plaintiff makes no effort to rebut, call into question, or somehow contradict these findings here. In sum, Plaintiff does not explain how this evidentiary gap has affected the outcome of his disability claim.

Finally, Plaintiff has not met his burden of providing evidence to show that he has a disabling mental health condition. The only evidence of a mental impairment that he points to is his own report of a bipolar disorder in his application to the SSA and the observation of a SSA field worker that Plaintiff had "some trouble" answering (or remembering) questions and was assisted by his mother during the application process. (Tr. 288; Pl.'s Br. at 9). But Plaintiff does not explain how this evidence shows that he has disabling or additional limitations not accounted for in the RFC. *Ellison*, 355 F.3d at 1276.

Accordingly, given the absence of a showing of how this evidentiary gap prejudices Plaintiff, this purported due process violation does not rise to the level necessary to remand for further proceedings.[4]   *See Ellison*, 355 F.3d at 1276; *Graham*, 129 F.3d at 1423; *Kelley*, 761 F.2d at 1540.

## IV.   RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ's decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**RECOMMENDED** in Ocala, Florida on December 30, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] Plaintiff also appears to argue that the ALJ erred by not providing Plaintiff with a copy of the records at the hearing.   But during the hearing, Plaintiff's counsel declined the ALJ's invitation to object to the records accepted into evidence (Tr. 64).   *See, e.g.*, *Osborn v. Barnhart*, 194 F. App'x 654, 669 (11th Cir. 2006) (noting that the ALJ did not err by failing to re-contact a physician when substantial evidence supported the ALJ's decision and when the plaintiff "was represented by counsel, who neither requested a clarification nor objected that the medical records were inadequate").   And this is not a case where the plaintiff himself asked the ALJ to obtain the records or where the ALJ relied upon post-hearing medical records.   *See Shird v. Astrue*, 635 F. Supp. 2d 1319, 1338 (M.D. Fla. 2009); *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1373 (N.D. Ga. 2006).